UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JOSEPH BABINEAUX, JR., MOSES ARCENEAUX, and MARK AUSTIN | CIVIL ACTION NO. 18–0233 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MARK GARBER, individually and in his official capacity as the Sheriff of Lafayette Parish, CATHY FONTENOT, individually and in her official capacity as Warden of the Lafayette Parish Correctional Center, JAMES LEBLANC, individually, as the Secretary of the Louisiana Department of Public Safety and Corrections, PERRY STAGG, in his official capacity as Assistant Deputy Secretary for Adult Services for the Department of Public Safety and Corrections and ANGELA GRIFFIN, in her official capacity as Assistant Deputy Secretary for Adult Services for the Department of Public Safety and Corrections | MAGISTRATE JUDGE HANNA |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss filed by James LeBlanc ("LeBlanc"), individually, as Secretary of the Louisiana Department of Public Safety and Corrections ("the Department"), Perry Stagg ("Stagg"), in his official capacity as Assistant Deputy Secretary for Adult Services for the Department, and Angela Griffin ("Griffin"), in her official capacity as Assistant Deputy Secretary for Adult Services for the Department (hereinafter collectively referred to as the "State Defendants").[1] See Record Document 26. The State

---

[1] The plaintiffs have also sued Mark Garber, individually and in his official capacity as the Sheriff of Lafayette Parish, and Cathy Fontenot, individually and in her official capacity as Warden of the Lafayette Parish Correctional Center. See Record Documents 1, 8 and 31.

Defendants contend that the Plaintiffs' claims should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). See id. For the reasons which follow, the Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

The three plaintiffs, Joseph Babineaux, Jr., Moses Arceneaux, and Mark Austin (hereinafter collectively referred to as "the Plaintiffs"), filed suit alleging that their constitutional rights under both the United States Constitution and the Louisiana Constitution were violated because they were incarcerated beyond their release dates. See Record Documents 1, 8 and 31. They assert claims for violation of their federal due process rights pursuant to the Fourteenth Amendment, violation of their state due process rights pursuant to Article 1, Section 2 of the Louisiana Constitution, as well as state law claims for false imprisonment and intentional infliction of emotional distress. See id. The Plaintiffs also seek declaratory relief and money damages. See id.

## LAW AND ANALYSIS

**I.  Legal Standards.**

   **A.  The Rule 12(b)(1) Standard.**

Federal Rule of Civil Procedure 12(b)(1) allows parties to seek dismissal of a case on the ground that the court lacks subject matter jurisdiction over the action. When a defendant files a Rule 12(b)(1) motion, the plaintiff, as the party asserting federal jurisdiction, bears the burden of establishing that the court has jurisdiction. See New Orleans & Gulf Coast Ry. Co. v. Barrois, 533 F.3d 321, 327 (5th Cir. 2008). When a party challenges the court's subject matter jurisdiction based only on the complaint, it is a "facial

attack," and the court scrutinizes the pleadings, taking the allegations as true, to determine whether the claimant has sufficiently alleged subject matter jurisdiction. Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998), quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted).

**B.     The Rule 12(b)(6) Standard.**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of complaints under Rule 8(a)(2) is now a "plausibility" standard found in Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), and its progeny. Under this standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555-56, 127 S. Ct. at 1965 (citations omitted). If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a pleading for failure to state a claim upon which relief may be granted. In deciding a Rule

12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." Colle v. Brazos Cnty., Tex., 981 F.2d 237, 243 (5th Cir. 1993) (citation omitted). However, a court may rely upon "documents incorporated into the complaint by reference [] and matters of which a court may take judicial notice" in deciding a motion to dismiss. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted); see Fed. R. Evid. 201. Additionally, courts must accept all allegations in a complaint as true. See Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.

A motion to dismiss is "viewed with disfavor and is rarely granted." Turner v. Pleasant, 663 F.3d 770, 775 (5th Cir. 2011), quoting Harrington v. State Farm Fire & Cas. Co., 563 F.3d 141, 147 (5th Cir. 2009). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974. To satisfy this standard, the complaint must provide more than conclusions, but it "need not contain detailed factual allegations." Colony Ins. Co. v. Peachtree Constr., Ltd., 647 F.3d 248, 252 (5th Cir. 2011). However, it must allege enough facts to move the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974. Determining whether the plausibility standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950.

**C.    Section 1983 Suits: Individual Capacity and Official Capacity Claims.**

Title 42, United States Code, Section 1983 authorizes the assertion of a claim for relief against a person who, acting under the color of state law, allegedly violated the claimant's rights under federal law. See 42 U.S.C. § 1983. In Section 1983 suits, government officials may be sued in either their individual or official capacities. A claim

against a state or municipal official in his official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105 (1985) (citation omitted). Individual or personal capacity suits "seek to impose personal liability upon a government official for actions he takes under color of state law." Id. (citation omitted).

II.    Analysis.

    A.    **Sovereign Immunity/Jurisdictional Analysis.**

        i.    **Stagg and Griffin–Official Capacities.**

The Plaintiffs have brought suit against Stagg and Griffin, both individually and in their official capacities as Assistant Deputy Secretaries for Adult Services for the Department. Both of these defendants assert that they are entitled to sovereign immunity pursuant to the Eleventh Amendment of the United States Constitution as to the Section 1983 claims against them in their official capacities.[2] See Record Document 26 at 4-5 and 34 at 1-2. The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

See Warnock v. Pecos Cnty., Tex., 88 F.3d 341, 343 (5th Cir. 1996) ("Eleventh

---

[2]In their motion to dismiss, the State Defendants caption the section of their brief addressing these claims as follows: "This Court lacks subject matter jurisdiction over Plaintiffs' § 1983 **and state law claims** against Stagg and Griffin." Record Document 26 at 4 (emphasis added). However, within this section of the brief, there is no analysis whatsoever of the state law claims against Stagg and Griffin, as the only references are to the claims pursuant to Section 1983. See Record Document 26 at 4-5. The State Defendants attempt to remedy this situation in their reply brief, which will not be allowed by the Court. See Record Document 34 and footnote 3 infra. The State Defendants are free to re-urge this argument at the summary judgment stage.

Amendment sovereign immunity deprives a federal court of jurisdiction to hear a suit against a state."). A state may not be sued in federal court by her own citizens or citizens of another state without its consent. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98, 104 S. Ct. 900, 906 (1984). Sovereign immunity may be waived, but waiver must be unequivocally expressed. See id. at 99, 104 S. Ct. at 907. Furthermore, Congress has the power to abrogate Eleventh Amendment immunity with respect to rights protected by the Fourteenth Amendment, but congressional intent to so abrogate must be unequivocal. See id. The section of the Civil Rights Act of 1871 which creates a cause of action for deprivation of civil rights under color of law did not abrogate the Eleventh Amendment immunity of the states. See Quern v. Jordan, 440 U.S. 332, 338, 99 S. Ct. 1139, 1144 (1979). Sovereign immunity can also be waived by the state; however, Louisiana has not waived its Eleventh Amendment immunity from federal court jurisdiction. See La. R.S. 13:5106(A); Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 314 (5th Cir. 1999).

The Department enjoys sovereign immunity under the Eleventh Amendment[3] and the Fifth Circuit has already held that Section 1983 actions against the Department are barred. See Champagne, 188 F.3d at 314. As previously mentioned, official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Graham, 473 U.S. at 165, 105 S. Ct. at 3105 (citation omitted). Thus, "an official capacity suit is, in all respects other than name, to be treated as a suit against

---

[3] "[A] state's Eleventh Amendment immunity extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 326 (5th Cir. 2002); see also Champagne, 188 F.3d at 314 (suggesting that all Louisiana executive departments have Eleventh Amendment immunity).

the entity." Id. at 166, 105 S. Ct. at 3105. Consequently, the Eleventh Amendment bars suits against state officials and employees of state entities, acting in their official capacities.[4] See K.P. v. LeBlanc, 627 F.3d 115, 124 (5th Cir. 2010) (citations omitted); Green v. State Bar of Tex., 27 F.3d 1083, 1087 (5th Cir. 1994) (plaintiff cannot evade Eleventh Amendment by suing state employees in their official capacity).[5] Therefore, all of the Plaintiffs' Section 1983 claims against Stagg and Griffin in their official capacities are **DISMISSED WITHOUT PREJUDICE**[6] for lack of subject matter jurisdiction.

   ii.   **State Law Claims Against LeBlanc.**

The Plaintiffs seek monetary damages under the laws of the state of Louisiana against LeBlanc, in his individual capacity. The State Defendants contend that the claims against LeBlanc should be dismissed because he was in the course and scope of his

---

[4]An action by a citizen against a state official in his official capacity is an action against the State, and is barred by the Eleventh Amendment, subject only to the limited exception permitted by Ex parte Young, 209 U.S. 123, 28 S. Ct. 441 (1908) (action seeking prospective injunctive relief against state officer permissible against ongoing constitutional violation). See Henley v. Simpson, 527 F. App'x 303, 305 (5th Cir. 2013). The State Defendants specifically "do not seek dismissal, on Eleventh Amendment grounds, of Plaintiffs' claim for injunctive relief against the defendants in their official capacities." Record Document 34 at 2. The State Defendants do, however, assert, for the first time in their reply brief, that "Ex parte Young does not protect Plaintiffs' state law claims for injunctive relief." Id. This Court ordinarily does not consider arguments raised for the first time in a reply brief. See James v. MRC Receivables Corp., No. 16-CV-0448, 2018 WL 3213147, at *7 n.4 (W.D. La. June 28, 2018) ("[T]he Court will not address this argument since it was raised for the first time in [the party's] reply memorandum."); Weems v. Hodnett, No. 10-CV-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011) ("[A]rguments raised for the first time in a Reply brief are waived."), quoting Jones v. Cain, 600 F.3d 527, 541 (5th Cir. 2010). The State Defendants are, however, free to re-urge this argument at the summary judgment stage.

[5]On the other hand, the Eleventh Amendment does not bar monetary relief for past harms when the state official is sued in his individual capacity. See Henley v. Simpson, 527 F. App'x 303, 305 (5th Cir. 2013).

[6]The appropriate disposition of the Plaintiffs' Section 1983 claims against Stagg and Griffin is to dismiss them without prejudice for lack of subject matter jurisdiction. See Warnock, 88 F.3d at 343 (Eleventh Amendment dismissal must be without prejudice).

employment as the Secretary of the Department. They assert that "LeBlanc is named as a defendant because of his employment through the Department and these claims serve to operate against the Department, an entity that is entitled [to] Eleventh Amendment [i]mmunity to such state law claims." Record Document 26 at 6. The Plaintiffs counter by citing New Orleans Towing Association v. Foster, wherein the Fifth Circuit stated that "it is well established in this circuit that a suit against a state officer in his or her individual capacity for money damages is not a suit against the state for purposes of Eleventh Amendment immunity." New Orleans Towing Ass'n, 248 F.3d 1143, *3 (5th Cir. 2001).

The Supreme Court has extended the Eleventh Amendment's protections to state officials when the state is the "real, substantial party in interest." Pennhurst, 465 U.S. at 100, 104 S. Ct. at 908; Bryant v. Tex. Dept. of Aging & Disability Servs., 781 F.3d 764, 771 (5th Cir. 2015). "The state is a real, substantial party in interest when the judgment sought would expend itself on the state treasury or domain or would restrain the state from acting or compel it to act." Pennhurst, 465 U.S. at 101 n.11, 104 S. Ct. at 908-09 n.11. In Hughes v. Savell, the Fifth Circuit extended sovereign immunity protection to claims against a state official that were rooted in state law. See Hughes, 902 F.2d 376 (5th Cir. 1990). In Hughes, an inmate sued a state corrections officer in federal court, alleging negligence under state law. The Fifth Circuit determined that because, under state law, Louisiana was liable for the negligence of its employees, any suit against a correctional officer was a suit against the state and therefore barred by the Eleventh Amendment. See id. at 378.[7]

---

[7]The Hughes court also reiterated the Pennhurst Court's holding and determined that "a claim that state officials violated *state* law in carrying out their official responsibilities is a claim against the State." Id. (emphasis in original). However, subsequent opinions of

In Reyes v. Sazan, the Fifth Circuit clarified its holding in Hughes by specifying that the Eleventh Amendment does not provide an automatic bar to state claims asserted by state officials in their personal capacity.  See Reyes, 168 F.3d 158 (5th Cir. 1999).  Instead, the Reyes court focused on whether a state employee is indemnified by the state for claims arising under state law.  See id. at 162-63.  The Reyes court refused to dismiss personal capacity state law claims where a genuine issue of fact existed as to whether the official was entitled to indemnification under state law.  See id. at 163.  However, at the time of the Reyes decision, Louisiana's indemnification statute limited indemnity to situations where the damages did not result from an "intentional wrongful act or gross negligence."  See La. Rev. Stat. § 13:5108.1.  There was a factual dispute as to whether the actions at issue were intentional or grossly negligent in Reyes.  Nonetheless, the import of Reyes was that where state indemnity applied, the Eleventh Amendment would be implicated.

In Martin v. Schott, the Fifth Circuit was again confronted with the argument that the Eleventh Amendment bars a Louisiana state law claim brought in federal court against a state employee in his individual capacity.  See Martin, 196 F.3d 1258 (5th Cir. 1999).  The Martin court found:

> This issue was addressed in Reyes [], in which we held that the Eleventh Amendment is not a bar to a state law claim asserted against a state employee individually where there is a fact issue as to whether he will be indemnified by the state treasury.

Id. at *1.  Once again, this case was decided when the Louisiana indemnification statute

---

the Fifth Circuit have limited this statement to the facts of the particular case.  See New Orleans Towing Ass'n., 248 F.3d at 1143 *5 n.2.

excluded coverage for an "intentional wrongful act or gross negligence" but reinforced the inference that indemnification would implicate the Eleventh Amendment.

In New Orleans Towing Association v. Foster, the Fifth Circuit reiterated that state law claims against individual defendants are not automatically converted into claims against the state, but repeated its position that the relevant question in assessing Eleventh Amendment immunity is whether the relief sought operates against the state. See New Orleans Towing Ass'n, 248 F.3d 1143 (5th Cir. 2001). The court further noted that the key question was "whether under Louisiana law, the liability of the Defendants will be imputed to the state of Louisiana." Id. at *5 n.2. The court concluded that the relief did not operate against the state because the suit was against the defendants in their individual capacities, and the relief sought was to be paid from the defendants' own pockets. See id. at *5.

Following these cases, the Louisiana legislature amended its indemnification statute, Louisiana Revised Statute Section 5108.1, to require merely that the state official be "free of criminal conduct" while engaged in his employment duties. See La. Rev. Stat. § 13:5108(B)(3). Specifically, Section 13:5108.1(A)(1) now provides:

> The state shall defend and indemnify a covered individual against any claim, demand, suit, complaint, or petition seeking damages filed in any court over alleged negligence or other act by the individual, including any demand under any federal statute when the act that forms the basis of the cause of action took place while the individual was engaged in the performance of the duties of the individual's office, employment with the state, or engaged in the provision of services on behalf of the state or any of its department pursuant to Paragraph (E)(2) of this Section.[8]

---

[8]Section A of the statute previously read:

> It is hereby declared to be the public policy of this state that the state shall hold harmless and indemnify all officers and

In the instant case, the Plaintiffs have not alleged that LeBlanc was acting outside the course and scope of his employment, or that he was engaged in criminal conduct.[9] Thus, applying the language of the statute, if LeBlanc is found liable to the Plaintiffs for violations of state law, he will be entitled to indemnification from the State of Louisiana. Therefore, under the current state of Fifth Circuit law, the relief Plaintiffs seek with regard to their state law claims against LeBlanc operates against the state and is therefore barred under the Eleventh Amendment. See also Spikes v. McVea, No. 17-CV-8164, 2018 WL 3329060 (E.D. La. July 6, 2018); Guillory v. La. Dep't of Health & Hosps., No. 16-CV-787, 2018 WL 1404277 (M.D. La. Mar. 20, 2018); Alexander v. Neustrom, No. 16-CV-0470, 2017 WL

---

employees of the state from any financial loss which, for purposes of this Section, shall mean and include court costs, judicial interest, and monetary damages, arising out of any claim, demand, suit, or judgment in federal court brought pursuant to the provisions of Sections 1981 through 1983 of Title 42 of the United States Code by reason of alleged negligence or other act by an officer or employee, provided that such officer or employee at the time damages were sustained was acting in the discharge of his duties and within the scope of his employment and that such damages did not result from the intentional wrongful act or gross negligence of such officer or employee.

[9]This Court is aware of the statement by the Fifth Circuit in New Orleans Towing Association that "we agree with the Defendants' concession that the simple fact that Louisiana law provides for indemnification of state officials does not convert the suit into one against the state." See New Orleans Towing Ass'n, 248 F.3d 1143 *6. However, this statement was made at the time that the indemnification statute excluded intentional wrongful acts or gross negligence. Furthermore, the cases cited by the New Orleans Towing Association court in support of this statement did not, from this Court's review, involve state law claims, as are at issue herein. The Fifth Circuit also specifically noted that the district court had "properly limited the relief for the alleged state law violations to monetary relief to be paid from the Defendants' own pockets" and that this relief "did not operate against the state." Id. at *6. Under the facts herein and the current language of the indemnification statute, the relief sought against LeBlanc **will** operate against the state. Therefore, New Orleans Towing Association is distinguishable.

2427795 (W.D. La. June 1, 2017); Michalik v. Hermann, No. 99-CV-3496, 2002 WL 1889344 (E.D. La. Aug. 15, 2002) (all concluding that state law claims against a defendant in his individual capacity were barred by the Eleventh Amendment). Accordingly, this Court is without subject matter jurisdiction to adjudicate the Plaintiffs' state law claims against LeBlanc and these claims will be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.[10]

### B. Rule 12(b)(6) and Qualified Immunity.

Though a plaintiff may pursue an action under Section 1983 against a state official in his individual capacity, that official, like local officials, may still be protected by qualified immunity. See Pearson v. Callahan, 555 U.S. 223, 243-45, 129 S. Ct. 808, 822 (2009). The concern with ending a case at a point of minimum expenditure of time and money is particularly acute when the defendant raises an immunity defense. See Ashcroft v. Iqbal, 556 U.S. 662, 685, 129 S. Ct. 1937, 1953 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery.") (internal quotations and citations omitted). A qualified immunity defense is truly "an immunity from suit rather than a mere defense to liability." Pearson, 555 U.S. at 231, 129 S. Ct. at 815 (citation omitted).

Once the defendant raises a qualified immunity defense, the plaintiff carries the burden of demonstrating the inapplicability of qualified immunity. See Club Retro LLC v. Hilton, 568 F.3d 181, 194 (5th Cir. 2009). First, the court must determine whether the

---

[10]The Court recognizes that Louisiana's agreement to indemnify state officers sued in their individual capacity does not convert the Plaintiffs' Section 1983 claims into official capacity claims or provide the individual defendants immunity from liability for those claims. See Hudson v. City of New Orleans, 174 F.3d 677, 687 n.7 (5th Cir. 1999).

plaintiff alleged sufficient facts to make out a violation of a constitutional right. See Pearson, 555 U.S. at 232, 129 S. Ct. at 816. Second, the court must determine whether the constitutional right at issue was "clearly established" at the time of the defendant's alleged misconduct. Id. A defendant who can validly raise a qualified immunity defense will enjoy its protection so long as the allegedly violated constitutional right was not clearly established at the time of the violation. See id. The qualified immunity inquiry turns on "the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." Id. at 244, 129 S. Ct. at 822.

In their motion to dismiss, the State Defendants briefly reference the defense of qualified immunity, spending the entirety of four paragraphs on the argument. See Record Document 26 at 7-8. The first paragraph, containing two sentences, asserts that the State Defendants are entitled to qualified immunity and that the Plaintiffs are unable to establish that the State Defendants' conduct was objectively unreasonable in light of clearly established law. See id. at 7. The next paragraph provides the general rules for qualified immunity with citations to two cases. See id. at 8. However, it contains no in-depth discussion of the cases cited and no comparison of the facts of this case to the facts of similar cases in which a qualified immunity defense was asserted. The third paragraph consists of one sentence stating that the plaintiff "bears the burden of negating the qualified immunity defense once a defendant has properly raised it." Id. The final paragraph, containing what the State Defendants presumably thought constituted as an analysis of the issue, summarily concludes that

> the State Defendants at all time acted in the course and scope
> of their employment by following the policies and procedures
> of DPSC. Plaintiffs fail to assert sufficient facts that the State

> Defendants failed to act reasonably in this case by intentionally or negligently falsely imprisoning Plaintiffs. Therefore, the State Defendants are entitled to qualified immunity from Plaintiffs' claims against them, and such claims should be dismissed with prejudice.

Id. This is the *entirety* of their assertion of entitlement to qualified immunity. Simply stated, the State Defendants have not demonstrated that they are entitled to qualified immunity as to any of the remaining claims. Furthermore, even had the State Defendants adequately asserted this defense, the allegations in the complaint are sufficient for the claims to survive Rule 12(b)(6) and qualified immunity scrutiny at this stage of the proceedings. Therefore, the State Defendants' motion is **DENIED** to the extent it seeks an initial determination that they are entitled to qualified immunity.

    **C.    Rule 12(b)(6) and "Person" Under Section 1983.**

This Court has determined that Stagg and Griffin are entitled to Eleventh Amendment immunity as to Section 1983 claims against them in their official capacities. However, as an alternative argument, the State Defendants also contend that Stagg and Griffin, in their official capacities, are not "persons" under Section 1983. See Record Document 26 at 8. As mentioned, Section 1983 authorizes the assertion of a claim for relief against a person who, acting under the color of state law, allegedly violated the claimant's rights under federal law. See 42 U.S.C. § 1983.

In this case, the Plaintiffs' Section 1983 claim seeks monetary damages and injunctive relief. The Supreme Court has held that states, state agencies and state officials acting in their official capacity are not subject to suit for money damages under Section 1983 because states are not "persons" under the statute; however, state officials acting in

their official capacities are considered "persons" under Section 1983 when sued for injunctive relief. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989); Stotter v. Univ. of Tex. at San Antonio, 508 F.3d 812, 821 (5th Cir. 2007) (citation omitted). Accordingly, the Plaintiffs also have no Section 1983 action for monetary damages against Stagg and Griffin in their official capacities, as they are not "persons" under the statute. Therefore, the Plaintiffs have failed to state a claim upon which relief may be granted as to this claim and the Plaintiffs' claims against Stagg and Griffin for monetary damages pursuant to Section 1983 should be **DISMISSED**.

## CONCLUSION

Based on the foregoing, the Motion to Dismiss filed by the State Defendants (Record Document 26) is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to the following: the Plaintiffs' Section 1983 claims against Stagg and Griffin in their official capacities are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction, and the Plaintiffs' state law claims against LeBlanc in his individual capacity are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

The motion is further **GRANTED** to the extent that it seeks a determination that Stagg and Griffin, in their official capacities, are not "persons" under Section 1983 and these claims are **DISMISSED WITH PREJUDICE**.

The motion is **DENIED** to the extent it seeks a determination at this early stage that the State Defendants are entitled to qualified immunity and to the extent it seeks the dismissal of the state law claims against Stagg and Griffin in their official capacities.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 11th day of October, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT