UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JOSEPH THEO BABINEAUX, JR., MOSES ARCENEAUX, AND MARK AUSTIN | CIVIL ACTION NO. 6:18-cv-00233 |
| VERSUS | JUDGE DOUGHTY |
| MARK GARBER, ET AL. | MAGISTRATE JUDGE HANNA |

**REPORT AND RECOMMENDATION**

In this lawsuit, Joseph Theo Babineaux, Jr., Moses Arceneaux, and Mark Austin sued Lafayette Parish Sheriff Mark Garber and others, alleging that they were not released from custody at the conclusion of their sentences of incarceration. A settlement conference was held in this case on May 11, 2021. (Rec. Doc. 69). The plaintiffs did not accept the amount authorized by the sheriff to be paid in settlement of their, perhaps because the plaintiffs all had large child support liens. After the settlement conference, the suit was administratively closed. (Rec. Doc. 70).

No action was taken on the record of the case between May and October 2021. On October 13, 2021, the plaintiffs' counsel filed a motion to withdraw, which was granted. (Rec. Doc. 74). The plaintiffs were ordered to appear in court on November 23, 2021 to advise whether they would be retaining new counsel or representing themselves going forward. (Rec. Doc. 74).

Plaintiff Mark Austin called chambers before the hearing, and he appeared at the hearing by telephone. Patrick McIntire, counsel for the defendants, also appeared at the hearing. Mr. McIntire agreed to send Mr. Austin a letter, advising him of the defendants' position with regard to Mr. Austin's claim including settlement posture. Mr. McIntire subsequently advised that he did so (Rec. Doc. 77), but heard nothing in return from Mr. Austin.

Because they did not appear at the November hearing, plaintiffs Joseph Theo Babineaux, Jr. and Moses Arceneaux were ordered to appear in court on January 6, 2022 and state whether they will represent themselves or hire counsel. (Rec. Doc. 80). Copies of the order were sent to Mr. Babineaux and Mr. Arceneaux by certified mail, and both letters were signed for, signifying that the order was served on both of them. (Rec. Doc. 82). However, neither Mr. Babineaux nor Mr. Arceneaux appeared at the hearing on January 6, and counsel has not enrolled on behalf of Mr. Babineaux, Mr. Arceneaux, or Mr. Austin.

Larry Marino appeared at the January 6 hearing on behalf of the defendants, and made an oral motion to enroll as counsel of record, which was granted. He confirmed Mr. Austin did not respond to Mr. McIntire's letter and that counsel for the defendants have had no contact with the plaintiffs since that November 2021 hearing.

Fed. R. Civ. P. 41(b) permits involuntary dismissal of a claim for failure to prosecute or for failure to comply with a court order.[1]  A dismissal with prejudice under Rule 41(b) requires a clear record of delay or contumacious conduct by the plaintiff where lesser sanctions would not serve the best interests of justice.[2]  The court may dismiss a plaintiff's claims under Rule 41(b) *sua sponte*.[3]  Unless the dismissal order states otherwise, the dismissal shall operate as an adjudication on the merits.[4]  In this case, Mr. Babineaux and Mr. Arceneaux failed to comply with two orders requiring their presence in court, while Mr. Austin failed to advise whether he would be retaining new counsel and failed to respond to correspondence from the defendants.

Accordingly,

IT IS RECOMMENDED that this case should be reopened; and

---

[1]  *Slack v. McDaniel*, 529 U.S. 473, 489 (2000); *Roberts v. Yellen*, 858 Fed. App'x 744, 746 (5th Cir. 2021).

[2]  *Griggs v. S.G.E. Management, L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (quoting *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (quoting *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984))).

[3]  *Griggs v. S.G.E. Management, L.L.C.*, 905 F.3d at 844; *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

[4]  Fed. R. Civ. P 41(b).

IT IS FURTHER RECOMMENDED that the plaintiffs' claims should be dismissed with prejudice for failure to prosecute the case or comply with the orders of the court.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[5]

Signed at Lafayette, Louisiana, this 6th day of January 2022.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[5] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).